The answer, in an action against a corporation, wherein defendant, after admitting its organization, "alleges that it has no knowledge or information sufficient to form a belief as to the truth of all the other allegations contained in said complaint," is insufficient, under Code Civil Proc. § 500, requiring an answer to contain "a general or special denial of each material allegation of the complaint controverted by defendant, or of any knowledge or information thereof sufficient to form a belief."

Appeal from trial term.

Action by W. Newton Collins and another against the North Side Publishing Company. Plaintiffs had judgment, and defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

*William G. McCrea,* for appellant. *Douglas & Minton,* for respondents.

FITZSIMONS, J. This is an action for the price of printing inks, amounting to $178.66, all unpaid, except $31.25, which was paid by advertising done for plaintiffs. The plaintiffs demand judgment for balance, $147.41. The answer admits incorporation of defendant, and then, further answering, "alleges that it has no knowledge or information sufficient to form a belief as to the truth of all the other allegations contained in said complaint." Plaintiffs moved for judgment on the pleadings, which was granted, on the ground that the answer was frivolous. From the order entered thereon this appeal is taken.

The Code, § 500, requires an answer to contain "a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." The answer of the defendant herein clearly does not controvert each material allegation of the complaint, as required by the Code. It only alleges that the defendant has no knowledge or information sufficient to form a belief as to the truth of all such allegations. Under such a form of pleading the defendant might have knowledge of all the allegations of a complaint except one, and yet his answer would be literally correct. Such a conjunctive denial is bad, and not authorized by the Code. If a defendant has knowledge or information of the material allegations of the complaint, the Code requires him to deny each allegation controverted by him, and the fact that he claims to have no knowledge or information sufficient to form a belief does not relieve him from saying so concerning each and every allegation which he so wishes to controvert. I think that the proper form of a denial such as the defendant adopted should read: "The defendant alleges that he has no knowledge or information sufficient to form a belief as to the truth of each allegation contained in the complaint."

The order appealed from is affirmed, with costs. All concur.

---

### KATZ et al. v. ATFIELD.

*(City Court of New York, General Term.* November 25, 1892.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

    Papers diligently searched for, but not found until after trial, are newly-discovered evidence; and so also are affidavits which the witnesses refuse to make until after trial. NEWBURGER, J., dissenting.

Appeal from special term.

Action by Bernard Katz and another against Catharine Atfield, administratrix, etc., of Patrick H. Atfield, deceased. From an order denying a motion for a new trial on the ground of newly-discovered evidence, plaintiffs appeal.

For former report, see 17 N. Y. Supp. 447.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

*Henry Daily, Jr.,* for appellants. *Edward W. S. Johnson,* for respondent.

FITZSIMONS, J. In the event of the payment by appellants' counsel of the costs imposed by the order of Mr. Justice MCCARTHY and the general term reversing said order, I think that the interests of justice require that a new trial should be had herein. It appears that the plaintiffs diligently searched for and were unable to find the delivery receipts alleged to have been signed by Atfield until after the trial. This is, in a sense, newly-discovered evidence, particularly under the circumstances of this case. The same thing may be said of witnesses whose testimony plaintiffs were unable to procure at the trial. The fact that they refuse to make affidavits setting forth their knowledge is shown, and therefore it is impossible to submit them, because they refuse to make the same under such circumstances. It would be unjust to deny a new trial for the reason that such affidavits are not submitted to us. We do not believe that the appellants suffered any surprise at the trial, except such as is usually experienced by counsel and their clients upon the rendition of an adverse verdict. Order appealed from reversed, upon condition that the general term costs and all motion costs imposed and still unpaid be paid within five days after entry of order herein. If these conditions are not satisfactory, and not complied with, then said order is affirmed, with costs. Settle order upon notice.

EHRLICH, C. J., concurs in the result.

NEWBURGER, J., (*dissenting.*) I cannot concur with my associates in the conclusion they have arrived at. This court has heretofore determined (*Whitney* v. *Saxe,* [City Ct. N. Y.] 2 N. Y. Supp. 653) that a new trial will not be granted unless the new evidence has come to the knowledge of the applicant since the trial, and that it was not owing to the want of due diligence that it was not sooner discovered. An examination of the record clearly shows that the plaintiff has not brought himself within the rule laid down in the foregoing case. The order appealed from should be affirmed, with costs.